**Date Signed:**
**January 26, 2022**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re:<br><br>RILLANERA RUIZ SILLA,<br><br>          Debtor. | Case No. 21-01032<br>Chapter 13<br><br>Re: Dkt No. 11, 17 |
|---|---|

## MEMORANDUM OF DECISION REGARDING ACCRUAL OF INTEREST ON ARREARAGE CURE CLAIMS IN CHAPTER 13 CASE

Rillanera Ruiz Silla, chapter 13 debtor, has proposed a plan under which she will cure the arrears on her first mortgage debt. The question is whether, and to what extent, she must pay interest on the arrears. I hold that she must pay interest, at the contract rate, on the principal amount included in the arrears.

A chapter 13 debtor may propose a plan that "provide[s] for the curing of any default within a reasonable time and maintenance of payments while

the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due . . . ." 11 U.S.C. § 1322(a)(5). If the debtor proposes such treatment (called "cure and maintenance"), "the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1322(e).

Under this district's mandatory form chapter 13 plan, a debtor elects "cure and maintenance" treatment for a claim by placing it in class 1.

Ms. Silla's plan places the claim of her mortgage lender, Bank of America, N.A. ("BANA") in class 7. ECF 11 at 3. Class 7 is for claims that were not in default on the petition date and which the debtor does not propose to modify. The plan provides that a claim placed in class 7 is automatically reclassified to class 1 if the creditor files a proof of claim stating that there was an arrearage on the petition date. *Id*.

BANA filed a proof claim that states that Ms. Silla's total prepetition arrearage is $2,960.65. Therefore, BANA's claim is automatically reclassified to class 1.

2

The standing chapter 13 trustee has objected to Ms. Silla's plan on the basis that it does not specify the treatment of BANA's claim. At the hearing on the objection, the trustee explained that he desired clarification about whether interest must be paid on some or all of the arrearage.

To answer this question, I must examine the underlying agreement between Ms. Silla and BANA and applicable nonbankruptcy law.

The note that Ms. Silla and her coborrower made in favor of BANA provides that "interest will be charged on unpaid principal until the full amount of Principal has been paid." Claim 2-1 at 10 ¶ 2. "Principal" is defined as the sum of $317,000.00. *Id*. ¶ 1. The interest rate is 3.875% per annum. *Id.* ¶ 2. The note further provides that the interest rate does not change upon default. *Id*. Neither the note nor the mortgage provides for interest on interest.

BANA's Mortgage Proof of Claim Attachment states that, of a total prepetition arrearage is $2,690.65, $1,490.65 is "principal and interest due" and $1,200.00 is "prepetition fees due." Claim 2-1 at 4. The attachment also says that, as of the petition date, the interest due was $980.62. Therefore, the

U.S. Bankruptcy Court - Hawaii   #21-01032   Dkt # 25   Filed   01/26/22   Page 3 of 5

portion of the arrearage representing delinquent principal payments must be $1,490.65 − $980.62 = $510.03.

Paragraph 14 of the mortgage (claim 2-1 at 20) permits BANA to charge Ms. Silla "fees for service performed in connection with [Ms. Silla's] default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees." The note and mortgage do not permit BANA to charge interest on fees. *Id*. at 11 ¶ 6(E).

"Applicable nonbankruptcy law" does not change the result. Hawai'i law forbids compound interest "upon any consumer credit transaction," Haw. Rev. Stat. § 478-7. This includes "credit extended to a natural person primarily for a personal, family, or household purpose [if] . . . [s]uch credit is secured by real property or by personal property used or expected to be used as the borrower's principal dwelling." *Id*. § 478-1. But this prohibition does not come into play because the underlying agreements do not provide for interest on interest.

Therefore, Ms. Silla must pay interest at the contract rate of 3.875% per

4

annum on the delinquent principal ($510.03), but not on any other portion of the arrearage.

**END OF FINDINGS OF FACT AND
CONCLUSIONS OF LAW**